IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALVADOR VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PROFESSIONAL BUREAU OF | ) |
| COLLECTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SALVADOR VASQUEZ, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, PROFESSIONAL BUREAU OF COLLECTIONS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SALVADOR VASQUEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Harwood Heights, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Harlem Furniture (hereinafter, "the Debt").

1

6. The Debt was for a bill allegedly incurred by Plaintiff for the purchase of furniture for Plaintiff's household.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PROFESSIONAL BUREAU OF COLLECTIONS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Colorado.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around April 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15. Defendant initiated the aforesaid telephone call to Plaintiff at his place of employment.

16. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that his employer does not permit him to accept calls of such nature while he is at work.

17. Plaintiff further informed Defendant that he could not speak to Defendant at the present time as he was busy at work.

18. Plaintiff then asked Defendant for Defendant's telephone number.

19. Plaintiff then informed Defendant that he would contact Defendant later that same day.

20. Defendant then provided Plaintiff with Defendant's telephone number.

21. That same day, subsequent to Plaintiff having engaged in the aforesaid telephone call with Defendant, Defendant initiated another telephone call to Plaintiff in a further attempt to collect the Debt.

22. Again, Defendant initiated the telephone call to Plaintiff at his place of employment.

23. Despite being advised that Plaintiff's employer prohibits him from receiving calls such as those from Defendant, on the same day that Plaintiff advised Defendant of the aforesaid information, Defendant proceeded to initiate a telephone call to Plaintiff at his place of employment in a further attempt to collect the Debt.

24. Despite being advised that Plaintiff could not speak to Defendant at the present time as Plaintiff was busy at work, on the same day that Plaintiff advised Defendant of the

aforesaid information, Defendant proceeded to initiate a telephone call to Plaintiff at his place of employment in a further attempt to collect the Debt.

25. In its attempts to collect the Debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3); and,

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SALVADOR VASQUEZ, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SALVADOR VASQUEZ**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: June 25, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us